MOCCASIN MANUFACTURING & IMPORT COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moccasin Mfg. & Import Co. v. Commissioner
Docket 27194-84.
United States Tax Court
T.C. Memo 1985-88; 1985 Tax Ct. Memo LEXIS 546; 49 T.C.M. (CCH) 836; T.C.M. (RIA) 85088; February 26, 1985. Wallace W. Conaway, for the petitioner. Helen C. T. Smith, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction, which petitioner opposes. The operative facts are as follows: On July 30, 1984, the present petitioner, Moccasin Manufacturing & Import Company, Inc., alleged to be a Texas corporation whose address is in Center, Texas, filed a petition with this Court complaining of certain taxes assessed against Corinth Motel, Inc. (hereinafter "Corinth"), also alleged to *547 be a Texas corporation in which petitioner owned 80 percent of the outstanding stock. [1] The basis of petitioner's complaint was that respondent had allegedly refused to consider and accept an amended consolidated corporate income tax return for the year 1981 which petitioner had filed with Corinth, the operation of which, if properly recognized by respondent, would have eliminated, through offset, the alleged tax deficiencies of Corinth. There was attached to the petition a document purporting to be a "Final Notice (notice of intention to levy)," issued by respondent to Corinth, demanding payment of an assessed balance of tax due together with accumulated interest for the tax year of Corinth ending in July 1981. Thereafter, and after answering the petition, respondent filed a motion to dismiss for lack of jurisdiction, upon the grounds that no statutory notice of deficiency had been issued to petitioner or to its alleged subsidiary Corinth. In its opposition to respondent's motion, petitioner has conceded that no statutory notice of deficiency was issued *548 by respondent to either such entity. The Tax Court is a creature of statute and has only the jurisdiction and powers given to it by Congress. Sections 6212, 6213, 6214, 7442; [2]. Before this Court can take jurisdiction in any case, it must be shown that a proper statutory notice of deficiency, within the meaning of section 6213, has been issued to the taxpayer, , and this Court may exercise jurisdiction over a tax year only when respondent has determined a deficiency in tax for that year with respect to the petitioning taxpayer. Sections 6212, 6213(a); , affd. ; ; ; ; Rule 60(a). *549 It is conceded in this case that no statutory notice of deficiency was sent either to this petitioner or to Corinth, its alleged 80-percent-owned subsidiary against which the tax involved here was apparently assessed. This being true, we have no authority to consider the merits of petitioner's complaint concerning respondent's actions in this matter. We simply have no jurisdiction. Section 6213(a); ;Petitioner's complaints here must be litigated in another forum. Respondent's motion to dismiss for lack of jurisdiction will accordingly be granted. An appropriate order will be entered.
Footnotes
1. Said taxes appear to have been assessed against Corinth Motel, Inc., pursuant to a waiver and consent signed by it.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩